By the Court.
J. L. Murray, the defendant in error, brought'an action against one Jam'es Balias, before William *606 J. Hart, the plaintiff in error, a justice of the peace in and for Cleveland township, in Cuyahoga county, Ohio. The township embraces within its limits the city of Cleveland, a city of the second grade of the first class, whose territorial limits are co-extensive with those of Cleveland township. The action against Balias was dismissed at the cost of Murray, and thereupon, Plart, to recover his fees as justice of the peace, commenced an action against Murray, before • a justice of the peace. Hart appealed to the court of common pleas, and to his petition therein Murray filed an answer. A demurrer by Hart to the answer was overruled, and judgment was rendered on the answer in favor of Murray. On petition in error by Hart in the circuit court, the judgment of the court of common pleas was affirmed, and this proceeding is instituted to reverse the judgment of the circuit court.
The defendant in error, in his answer filed in the court of common pleas, set up as a defense to the action, “ An act supplementary to section 621 of the Revised Statutes of Ohio,” passed May 15, 1886 (83 Ohio L. 168).
That act, by section 1, provides as follows:
“Be it enacted by the general assembly of the state of Ohio, that the following sections be enacted supplementary to section 621 of the Revised Statutes of Ohio, with sectional numbering as herein provided:
“ Sec. 621a. In all cities in this state of the second grade of the first class, each justice of the peace, for services rendered, shall receive in lieu of all fees, a salary of eighteen hundred dollars and six hundred dollars for clerk hire, and not exceeding three hundred dollars for office rent, per annum, payable out of the city treasury, in quarterly payments on the first Saturday in January, April, July and October in each year.
“ Sec. 6215. It shall be the duty of each justice of the peace in all cities of the second grade of the first class, to collect the fees as provided in sections 615 and 621 of the Revised Statutes of Ohio, and make return under oath to the city treasurer on the first Saturday of January, April, July and October of each year, of all fees collected by him, and pay *607 the same into the city treasury; he shall also make a return to the city treasurer at the same time of all fees due and uncollected ; he shall within five days after the expiration of his term of office, make an itemized statement under oath to the city treasurer of all fees uncollected by him, and it is hereby made the duty of said city treasurer to collect said unpaid fees, out of which he is authorized to retain ten per centum’ of the amount collected for his services, and account for the balance as other funds of such city coming into his hands as treasurer.”
Under the act of May 15,1886, a justice of the peace, in a city of the second grade of the first class, may, during the term of his office, maintain a civil action to collect the fees as provided in sections 615 and 621 of the Revised Statutes of Ohio, such fees when collected by him being payable into the city treasury. It is made his duty to “ collect the fees,” and make return of the same to the city treasurer; as it is made the duty of the city treasurer — after the expiration of the justice’s term of office — to “ collect unpaid fees ” uncollected by the justice. But while fees and costs in civil suits and proceedings before a justice of the peace are usually collected either by execution issued on the judgment, or by executions issued against the parties respectively who make the costs, the unqualified language of the act under consideration should not, we think, be exclusively confined, in every case, to such mode of collection.
But it is contended that the act of May 15, 1886, is a law of a general nature which does not have a uniform operation throughout the state, and is therefore in violation of section 26, of article 2, of the constitution. The act, in our view, is local in its character. Its design is to regulate the amount of compensation to local officers, and does not come within the constitutional inhibition. Cricket v. The State, 18 Ohio St. 9; The State ex rel. v. The Judges, 21 Ohio St. 1.
In Cricket v. The State, White, J., in delivering the opinion of the court said: “ There is nothing in the constitution prohibiting appropriate local legislation. And, for myself, I will say, that it seems to me the amount of compensation *608 to be attached to a local office, is a question in its nature local, and that a law to regulate such compensation cannot properly be regarded as a law of a general nature.”

Judgment of the circuit court and of the court of common pleas reversed,, and cause remanded for further proceedings.